IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK WADE WARREN, ) | |
| No. 13477-077, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00390-SMY |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| U.S. ATTORNEY GENERAL, ) | |
| MAUREEN P. BAIRD, and ) | |
| JEFFREY POWERS, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Jack Wade Warren is an inmate currently housed at the United States Penitentiary in Marion, Illinois. He has filed a "Bill in Equity: Petition for Specific Performance" regarding "property" being held by the respondent government officials in a "trust/estate … for commercial purpose" (Doc. 1). The property at issue is Jack Wade Warren himself, and the trust/estate was supposedly created by the judgments entered in multiple federal criminal cases in which Warren was convicted and for which he is currently incarcerated: Case No. 4:83-cr-138-A-1 (N.D. Tex); and Case Nos. 95-cr-209-ACC and 95-cr-1153 (M.D. Fla.). Warren further contends that a series of documents he recently sent to Respondents created a binding agreement and/or contract, which is in default. Warren is now demanding specific performance, including vacating all judgments against him, return to him of title to "the property," and "disincarceration of the property."

From Warren's perspective, a contract linked to his criminal convictions was created in February 2016 pursuant to a "Notice: Private International Remedy Demand-Tender of Performance-Purge of Contempt-Prayer for Forgiveness" that he served upon Respondents (Doc. 1-3). Perceiving his criminal convictions as being in violation of "applicable law," Warren gave Respondents 10 days to respond and cure the situation, warning them that failing to respond would automatically result in a consent decree in Warren's favor, which would result in the release of the property and all debts (*see* Docs. 1-3, 1-4). Put another way, Warren insisted that if Respondents did not set him free in 10 days they would be agreeing to set him free. Of course, he cites no legal authority in any of his documents or this action.

## Discussion

### *Jurisdiction*

As a preliminary matter, the Court must discern a basis for jurisdiction. Jack Wade Warren has characterized himself as a "petitioner," and he has (when given the choice) submitted the $5 filing fee associated with a habeas corpus action (*see* Doc. 2 (notification to pay either $400 for a civil case, or $5 for a habeas corpus action). *See Bunn v. Conley*, 309 F.3d 1002, 1006-7 (7th Cir. 2002) (involving a similarly confusing *pro se* pleading blurring the line between habeas and other civil relief; the appellate court advised that the litigant's characterization should control, even if legally incorrect)).

The caption "Bill in Equity: Petition for Specific Performance" suggests contract and commercial law. However, it is clear that Warren is seeking to vacate his convictions and achieve his release from prison. He states, "The property is being held, without consent, in breach of agreement (in violation of the applicable law)…" (Doc. 1, p. 3). The reasonable translation: Warren is imprisoned in violation of the law. The use of the terms "petitioner" and

"respondent," the filing fee submitted and the remedy sought are consistent with a habeas petition.[1] "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close,* 540 U.S. 749, 750–51 (2004) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973)). Accordingly, this case will be treated as a habeas action pursuant to 28 U.S.C. § 2241 based on Warren's apparent intentions.[2]

*Merits Review*

As a general matter, Section 2241 is the appropriate means by which to challenge the fact or duration of confinement, while Section 2255 is properly invoked when challenging the validity of a conviction and sentence. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the petition shall undergo preliminary review. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

---

[1] Warren's lengthy litigation history reflects that he is quite familiar with the differences between habeas and general civil litigation. A search of PACER reveals 17 district court cases (including actions under Section 2255, Section 2241 and civil rights cases).

[2] In accepting he filing fee and characterizing this action as a Section 2241 petition the court is cognizant of the potential prejudice to Warren that could result from the Anti-Terrorism and Effective Death Penalty Act, which precludes prisoners from filing second or successive Section 2255 habeas motions. *See* 28 U.S.C. § 2255; Rule 9, Rules Governing Section 2255 Proceedings for the United States District Courts.

It is also worth noting that, had Warren's pleading been characterized as a civil case seeking redress from a government entity, officer or employee of such an entity, 28 U.S.C. § 1915A similarly dictates that a preliminary review of the pleading be performed and the pleading dismissed if it if frivolous, malicious or fails to state a claim upon which relief can be granted. Regardless of the nature of suit, this action is clearly frivolous on its face and without legal merit—but isn't it every prisoner's dream to be able to write his own "get out of jail free card"?

Warren has not presented any argument regarding the execution of a sentence, or even the validity of his conviction and sentence. *See Brown v. Rios,* 696 F.3d 638, 640 (7th Cir. 2012) (framing the focus of Section 2241 and 2255 petitions).  Furthermore, as in *Calderon v. Ashumus*, 523 U.S. 740, 746-47 (1998), the case is not judiciable.  *Calderon* was an action for declaratory and injunctive relief, but the Supreme Court held that the issue upon which the action was premised was collateral to the ultimate relief sought, which lay in the realm of habeas corpus.  Any way this action is viewed, it must be dismissed.

Dismissal on the merits would typically be without prejudice, in anticipation of a habeas corpus petition.  However, dismissal will be with prejudice in this situation in light of the obvious frivolity of Warren's position.  Dismissal with prejudice may also be warranted as a sanction for the reasons that follow.  *See El v. AmeriCredit Fin. Servs., Inc*., 710 F.3d 748, 751, 754 (7th Cir. 2013).

### *Sanctionable Behavior*

The present amorphous pleading is just the latest in a disturbing pattern of vexatious cases filed by Warren.  Most recently, in *Warren v. Walton*, Case No. 14-cv-1412-SMY, Doc. 16 (S.D. Ill. April 30, 2015), this district court sanctioned Warren with $500 fine and a filing ban until the sanction was paid.  *See also Warren v. United States*, Case No. 11-cv-149-JPG (S.D. Ill.

2011) (dismissing action as a sanction for a pattern of frivolous and harassing filings). Despite repeated warnings about filing frivolous, harassing and threatening pleadings, and despite sanctions being imposed twice, Warren remains undeterred. He paid the $500 sanction and the filing ban was lifted on April 8, 2016 (Case No. 14-cv-1412-SMY, Doc. 17), thereby allowing this action to be filed that same day.

Here, Plaintiff has invited another sanction. Courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bans. *See Alexander v. United States,* 121 F.3d 312 (7th Cir. 1997), and *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995). Although Warren has received multiple warnings about filing frivolous, harassing filings, he will be afforded notice and an opportunity to show cause why, as a sanction, the Court should not dismiss this action with prejudice, and impose a monetary fine of $1,500, to be paid before any other civil litigation will be allowed to be filed; the Clerk of Court would be directed to return all civil filings unfiled until the sanction is paid, and all habeas corpus filings would be summarily dismissed thirty days after filing unless otherwise ordered by the Court. Documents submitted in connection with any appeal would be excluded from the sanction.

## Disposition

**IT IS HEREBY ORDERED** that, for the foregoing reasons, the petition (Doc. 1) is summarily **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that on or before **June 1, 2016**, petitioner Warren shall **SHOW CAUSE** in writing why he should not be sanctioned for filing this frivolous, harassing action.

If no response to the show cause order is received, or if, after considering Warren's response, an order and final judgment will be entered. Petitioner Warren is **ADVISED** that if he

wishes to appeal the dismissal and/or any sanction ultimately imposed, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Petitioner is further advised that a motion filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion *may* toll the 30-day appeal deadline, but a motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: May 10, 2016**

s/ STACI M. YANDLE<br>**United States District Judge**