IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK WADE WARREN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 16−cv–0390−SMY |
| | ) |
| UNITED STATES OF AMERICA et al., | ) |
| | ) |
| Respondents. | ) |

# ORDER

**YANDLE, District Judge:**

Petitioner Jack Wade Warren is an inmate currently housed at the United States Penitentiary in Marion, Illinois. He filed this "Bill in Equity: Petition for Specific Performance" regarding "property" being held by the respondent government officials in a "trust/estate. . . for commercial purpose." (Doc. 1). The property at issue is Jack Wade Warren himself, and the trust/estate was supposedly created by the judgments entered in multiple federal criminal cases against Warren.

Warren is currently incarcerated as a result of judgments entered against him in Texas (No. 4:83-cr-138-A-1 (N.D. Tex.)) and Florida (Nos. 95-cr-209 & 95-cr-1153 (M.D. Fla.)). Although Warren is using the language of contract law, he is actually requesting release from his current imprisonment. Previously, the Court determined that the Petition was best characterized as a habeas corpus action. (Doc. 5). After reviewing the merits, the Court also determined that the Petition was completely frivolous and must be dismissed. (Doc. 5). The Court further determined that in light of the obvious frivolity of Warren's position, sanctions may be warranted. (Doc. 5). Warren was ordered to show cause by June 1, 2016 why his case should not be dismissed with prejudice and a $1,500 fine imposed with a filing ban until the sanction is

1

paid. (Doc. 5, p. 5). The Court cited Warren's history of filing vexatious and frivolous cases in this Court, and noted that Warren has been sanctioned twice before.

Warren filed a Response to the Order on May 26, 2016. (Doc. 6). That same day, he also filed a Notice of Rescission. (Doc. 7). In his Response, Warren states that he did not intend to file a frivolous, harassing, and/or vexatious action in the above referenced case. (Doc. 6, p. 1). He further states that "he was exercising what he perceived as a legal right in good faith and with clean hands. " (Doc. 6, p. 1-2). He also alleges these facts are within his own realm of knowledge, and the Court has no evidence in the record that Warren intended the filing to be frivolous, harassing or vexatious. (Doc. 6, p. 1-2). Specifically, no other person has testified that Warren intended to file frivolous, harassing, or vexatious pleadings. (Doc. 6, p. 2). Warren goes on to direct the Court's attention to a 1907 Treatise on Suits in Chancery, by Henry Richard Gibson and Black's Law Dictionary by Bryan Garner and to discuss verification, maxims, and equity. (Doc. 6, p. 2-3). He then translates Latin footnotes for several pages. None of Warren's citations have any relevance to the issues at hand.

Warren's "Notice of Rescission/Request for Forgiveness" purports to "rescind" the "Bill in Equity, Petition for Specific Performance." (Doc. 7, p. 1). It goes on to state that the Petition "is hereby rescinded, made null and void, and is to be of no further force and/or effect." (Doc. 7, p. 1). Petitioner also states that he made an "inadvertent mistake" and that "every effort will be made to avoid such mistakes" going forward. (Doc. 7, p. 1). He then alleges that the law library and legal advice he receives at the institution are "inadequate" and "atrocious." (Doc. 7, p. 1).

## ANALYSIS

Warren has sworn that the Petition was a mistake, perhaps caused by inadequate legal advice, and that he is sorry for filing it. He has argued that the Court has no evidence as to his

state of mind other than his own sworn testimony, and therefore, must find his testimony credible. While it is true that the Court has not held hearing on this matter in order to observe Warren and judge his credibility, nor gathered evidence from others tending to refute Warren's statements, the Court is free to consider the inconsistency between Warren's sentiments and the manner in which he has expressed them. Warren appears to be part of the sentient sovereign movement, which some have called "paper terrorists." A hallmark of the movement is the consistent filing of frivolous actions based on deliberate mis-readings of contractual law, admiralty law, and other areas.

Here, although Warren professes regret, his Response and "Notice of Rescission" are still drafted according to sentient sovereign principles. Warren uses "offer" and "acceptance" language, which is totally irrelevant in the habeas context. (Doc. 6). In lieu of filing a notice of voluntary dismissal, which is what the Federal Rules of Civil Procedure contemplate, Warren has filed a "Notice of Rescission," another term borrowed from contract law. And although he places the blame on his frivolous filings on an inadequate law library, no law library would contain tomes recommending sentient sovereign tactics because they are not based on valid legal principles. The Court finds Warren's continued use of sentient sovereign legal tactics inconsistent with his statements that he did not intend to file frivolous, harassing, and or vexatious filings.

The Court therefore finds that Warren has not adequately shown cause. Warren will therefore be sanctioned once again with a fine and a filing ban.

**IT IS HEREBY ORDERED** that Jack Wade Warren is **SANCTIONED** with a **$1,500** fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this District. The Clerk of Court is **DIRECTED** to return all civil pleadings

unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with an appeal are excluded from the sanction.

**IT IS SO ORDERED**

Date: August 5, 2016

/s/ STACI M. YANDLE

United States District Judge